IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:20-CV-00385-M

| | |
|---|---|
| JUDSON WITHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES GOVERNMENT, ) | |
| JUDGE TERRANCE BOYLE, ) | ORDER |
| DEC NEW YORK STATE, ) | |
| STATE OF NEW YORK, ) | |
| GOVERNOR ANDREW CUOMO, ) | |
| BASIL SEGGOS, DEC Commissioner, ) | |
| STATE OF NORTH CAROLINA, ) | |
| WARREN COUNTY NEW YORK, ) | |
| THE LAKE GEORGE COMMISSION, ) | |
| NEW YORK STATE CONSERVATION COM, ) | |
| STATE OF VERMONT, ) | |
| ) | |
| Defendants. ) | |

Before the Court is a "Notice to the United States and all NC Federal Judges" filed by Plaintiff and construed by the Court as a motion to reopen all cases dismissed by the Honorable Terrance W. Boyle and "the Federal Judges of North Carolina and the Circuit Court of Appeals in Virginia and the United States Supreme Court" and a motion for recusal of these judges. DE 16. First, Plaintiff fails to identify any (and the Court has found no) law supporting this Court's authority to reopen cases in any court other than the U.S. District Court for the Eastern District of North Carolina. Second, Plaintiff fails to cite any authority and to articulate a valid basis on which this Court may order the reopening of any other case and the recusal of any other judge in this District. Third, to the extent Plaintiff seeks to "reopen" this case, the case has not been closed and, thus, his request is improper. Accordingly, Plaintiff's motion is DENIED.

The Court notes that the relief requested in this document is the same or similar to that requested by Plaintiff in motions filed in closed cases, 5:17-cv-171-M (DE 27) and 5:19-cv-260-BR (DE 19) on June 9, 2020. The Court reminds the Plaintiff that any repetitive unsupported and/or frivolous requests for relief may be stricken and he may be sanctioned for improper litigation conduct. *See Weathers v. Ziko*, 113 F. Supp. 3d 830, 834 (M.D.N.C. 2015), *aff'd*, 648 F. App'x 350 (4th Cir. 2016) ("'There is ... no doubt that pro se litigants are subject to any and all appropriate sanctions for their misconduct.' This includes pro se litigants who file frivolous or repetitive complaints.") (quoting *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1077 (E.D. Va. 1991)).

SO ORDERED this 4th day of January, 2021.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE