IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO: 5:20-CV-00385-M

| | |
|---|---|
| JUDSON WITHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES GOVERNMENT, )<br>JUDGE TERRANCE BOYLE, )<br>DEC NEW YORK STATE, )<br>STATE OF NEW YORK, )<br>GOVERNOR ANDREW CUOMO, )<br>BASIL SEGGOS, DEC Commissioner, )<br>STATE OF NORTH CAROLINA, )<br>WARREN COUNTY NEW YORK, )<br>THE LAKE GEORGE COMMISSION, )<br>NEW YORK STATE CONSERVATION COM, )<br>STATE OF VERMONT, )<br>)<br>Defendants. ) | PREFILING INJUNCTION |

Before the court are documents filed by Plaintiff titled, "SHOW CAUSE RESPONSE … Opposition to Threatened Sanctions" [DE 26] and "DARK DARK SECRETS … Opposition to Threatened Sanctions" [DE 27], and what appears to be a supplement to "DARK DARK SECRETS …" [DE 28]. These documents contain the same or similar information and requests for relief included in several motions filed by Plaintiff in the past several weeks.

Plaintiff's repetitive filing of unsupported and/or frivolous requests for relief, not only in this case, but also in closed cases 5:17-CV-00171-M and 5:19-CV-00260-BR, led to this court's repeated warnings and, finally, a February 11, 2021 order directing Plaintiff to show cause why the court should not sanction Plaintiff by barring him from filing any additional documents during

the pendency of the initial screening of this case. Order, DE 25. Plaintiff's latest filings convince the court that the imposition of such sanction is appropriate.

Rule 11 of the Federal Rules of Civil Procedure requires any party who signs a motion to conduct a reasonable inquiry into the facts and law underlying the submission to ensure that the motion is well grounded factually and legally. *See* Fed. R. Civ. P. 11(b); *Bus. Guides, Inc. v. Chromatic Commc'ns. Enters., Inc.*, 498 U.S. 533, 541-43 (1991). Specifically, Rule 11 provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The rule also permits the court to "impose an appropriate sanction on . . . any party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

The court acknowledges that Plaintiff is proceeding pro se and that federal courts are required to construe liberally filings made by pro se litigants; nevertheless, "pro se litigants are not immune from any sanction by virtue of their status alone." *Holmes v. Riddell*, No. CV 1:20-224-JFA-SVH, 2020 WL 4288374, at *1 (D.S.C. July 27, 2020) (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). "Pro se litigants do not have an absolute and unconditional right of access to the Courts in order to prosecute frivolous, malicious, abusive or vexatious motions." *Tellefsen*

*v. McDivitt*, No. 1:07CV399, 2008 WL 90222, at 2 (W.D. N.C. Jan. 8, 2008) (citing *Demos v. Keating*, 33 F. App'x 918 (10th Cir. 2002) and *In re Vincent*, 105 F.3d 943 (4th Cir. 1997)). A pro se party has the same duty as an attorney to conduct a reasonable inquiry pursuant to Rule 11 to ensure that his or her motion has factual and legal merit. *See In re Weiss*, 111 F.3d 1159, 1170 (4th Cir. 1997).

Like Plaintiff's previous filings, the current documents contain multiple pages of incomplete sentences and phrases, and it appears that Plaintiff has cut and pasted into the documents several headlines and portions of news articles. After asserting again that he "should not be sanctioned or punished for exposing the frauds, concealments and deadly secrets of New York and other private and government actors vastly poisoning the environment with deadly viruses and bacteria," Plaintiff "demands" the following relief, which—except for the first two paragraphs—is exactly the same as previously requested:

1. Plaintiff Witham SHOULD NOT BE Punished or Sanctioned because New York State REFUSES to Obey FOIL and FOIA Laws.

2. Plaintiff Witham has Proven NYS engages in Vast Business Activities in North Carolina and He Should NOT be PUNISHED for Exposing these Immense In[-] State Business Activities.

3. All Sewage Discharges germane to Judge Terrance W. Boyles Clerks, Employees and ALL Judges in North Carolina POOPING and PEEING and Flushing Toxins into North Carolina's Public Waters and the Public Waters of the United States BE RECUSED and REMOVE Themselves from this matter.

4. The Federal Court in Greensborough NC additionally contaminates the Neuse and Cape Fear River Basins ... North Carolina State and Federal Governments engage in the VERY SAME Illicit Conduct that Vermont, International Paper and New York State perpetrate.

5. The Courts of the United States may need to be RECUSED and International Courts and International Authorities SHOULD BE Imposed in this case because of the CONFLICTS of INTEREST of the US Government and US Courts, State Actors.

3

6. This case be placed BACK On the Docket for Further Proceedings to ferret out all SEWAGE and TOXINS release[d] from Judge Terrance W. Boyles PERSONAL BATHROOMS and those of His Staff and Clerks to include all other Judges Crapping Up North Carolina's Public Waterways and those of the United States.

7. Based on this NEW EVIDENCE of Immense Conflicts of Interests JUDSON WITHAM DEMANDS New Trials and Proceedings in ALL CASES Denies [sic] and Dismissed by Judge Terrance W. Boyle and the Federal Judges of North Carolina and the th [sic] Circuit Court of Appeals in Virginia and THE UNITED STATES SUPREME COURT. NEW YORK STATE CONDUCTS VAST BUSINESS ACTIVITIES IN NORTH CAROLINA

6. Plaintiff Witham demands all costs and expenses associated with these Cases and The Damages sought in those cases be AWARDED in Accordance with a JURY VERDICT and allow the JURY to set the amounts of the Damages Award.

Resp., DE 26 at 26-28; DE 27 at 33-35. As set forth and described in previous orders, the court finds Plaintiff's requests for relief unsupported by any fact or law. In addition, the documents fail to respond in any meaningful way to the court's order to show cause; Plaintiff improperly attempts to convince the court of the merits of his claim(s) but he neither rebuts nor mentions any finding made by this court regarding his previously denied motions. Thus, these filings are frivolous as proscribed by Rule 11.

Based on this court's authority to sanction the Plaintiff for repeated improper litigation conduct, Plaintiff is ENJOINED from filing any additional documents in this case pending the disposition of the initial screening process (i.e., this court's order ruling on the Magistrate Judge's forthcoming memorandum and recommendation), except that he may timely file one document listing any objection(s) Plaintiff may have to the Magistrate Judge's recommendation.[1] *See* DE 19. If the Plaintiff fails to comply with this order, he may be subject to further sanctions, including

---

[1] If necessary, Plaintiff may also file a timely motion (or motions) seeking additional time in which to file any objection(s) to the recommendation.

4

dismissal of his case.

SO ORDERED this 24th day of February, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE