IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:20-CV-00385-M

| | |
|---|---|
| JUDSON WITHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES GOVERNMENT, ) | |
| JUDGE TERRANCE BOYLE, ) | ORDER |
| DEC NEW YORK STATE, ) | |
| STATE OF NEW YORK, ) | |
| GOVERNOR ANDREW CUOMO, ) | |
| BASIL SEGGOS, DEC Commissioner, ) | |
| STATE OF NORTH CAROLINA, ) | |
| WARREN COUNTY NEW YORK, ) | |
| THE LAKE GEORGE COMMISSION, ) | |
| NEW YORK STATE CONSERVATION COM, ) | |
| STATE OF VERMONT, ) | |
| ) | |
| Defendants. ) | |

Before the Court is a Memorandum and Recommendation ("M&R") issued by Magistrate Judge Robert B. Jones on February 26, 2021 (DE 31). In the M&R, Judge Jones recommends that this court dismiss Plaintiff's Complaint. On March 9, 2021, within the time period allowed for the filing of objections to the M&R, Plaintiff filed an "Objection to Injunction" (DE 32). The Fourth Circuit instructs:

> The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made. By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks, brackets, emphases, and citations omitted); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. A plaintiff is "deemed to have waived an objection to a magistrate judge's report if [he] do[es] not present [his] claims to the district court." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (quoting *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008)). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond*, 416 F.3d at 315. The Fourth Circuit emphasizes that, when a plaintiff proceeds pro se, courts "must also be mindful of [their] responsibility to construe pro se filings liberally." *Martin*, 858 F.3d at 245 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Here, Magistrate Judge Jones recommends dismissing this action because Plaintiff's claims are essentially the same as those alleged in two previous actions, which have been dismissed and affirmed on appeal. M&R, DE 31. Even construing the Plaintiff's "objection" liberally, the court finds Plaintiff does not reference the M&R in any way. Rather, in his two-page filing, Plaintiff contends that he has "proven" "minimal state contacts" for the court's personal jurisdiction over the Defendants and moves for the "recusal" of "all US Judicial Officers" who disagree; "OBJECTS to Prevarications and Sophistries being employed by the Courts of the United States to FURTHER CONCEAL and HIDE the Immense POISONING of America's Lakes and Rivers"; and asserts "[t]here are NO Genuine Grounds to Enjoin Plaintiff Witham based on New Yorks DAMS being used to DESTROY LIVES, KILL Businesses and People. PLAINTIFF WITHAM Objects To Any

2

Sanctions because of New York's CROOKED LYING FRAUDULENT PRACTICES, POLICIES and CUSTOMS. WITHAM OBJECTS To Sanctions and the Court's Injunctions."[1] DE 32. Other than these statements, Plaintiff raises no objection to the M&R with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Martin*, 858 F.3d at 245. Accordingly, the court need not conduct a de novo review of Judge Jones' recommendation. *See id.* After a careful review of the M&R, the court finds no clear error by the magistrate judge and adopts the M&R in its entirety.

In sum, the court APPROVES AND ADOPTS the M&R at DE 31 and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B). As the initial screening process has been completed, the court's injunction imposed on February 24, 2021 is LIFTED. The Clerk of the Court is directed to close this case.

SO ORDERED this 26th day of July, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] On February 24, 2021, this court issued a "Prefiling Injunction" as a sanction for the Plaintiff's "repetitive filing of unsupported and/or frivolous requests for relief, not only in this case, but also in closed cases 5:17-CV-00171-M and 5:19-CV-00260-BR." DE 29. The court ordered that Plaintiff was "ENJOINED from filing any additional documents in this case pending the disposition of the initial screening process (i.e., this court's order ruling on the Magistrate Judge's forthcoming memorandum and recommendation), except that he may timely file one document listing any objection(s) Plaintiff may have to the Magistrate Judge's recommendation" or a motion seeking an extension of time within which to file such objection. *Id.*

3

Case 5:20-cv-00385-M   Document 33   Filed 07/27/21   Page 3 of 3